[Cite as *Stair v. Mid Ohio Home Health Ltd.*, 2011-Ohio-2351.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MARY STAIR | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-0114 |
| MID OHIO HOME HEALTH LTD | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

And

ADMINISTRATOR, BUREAU OF
WORKERS' COMPENSATION

Defendant-Appellee


CHARACTER OF PROCEEDING: Administrative appeal from the Richland
County Court of Common Pleas, Case No.
09CV1543

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: May 13, 2011

APPEARANCES:

For Plaintiff-Appellant                         For Defendant-Appellee

JESSICA M. BACON                          ERIC L. WEEDEN
CHRISTOPHER J. STEFANCIK          2770 East Main Street
6555 Dea Memorial Parkway             Suite 21
Boston Heights, OH  44236              Columbus, OH 43209


KEVIN REIS
Assistant Attorney General
Workers' Compensation Section
150 East Gay Street, 22nd Floor
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Plaintiff-appellant Mary Stair appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of defendants-appellees Mid Ohio Home Health, Ltd. and the Administrator of the Bureau of Workers' Compensation. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT."

{¶3} The issue in this case is whether appellant is eligible to participate in the Workers' Compensation Fund after falling in the parking lot in front of her employer's office. Throughout the administrative process and in the trial court, the decision was that she was not eligible. We disagree for the reasons that follow.

{¶4} Appellant customarily began her workday around 6:00 a.m., traveling directly from her home to the home of her first client. Each day she performed household chores at approximately five clients' homes. Appellant was paid on an hourly basis, including travel time between the clients, and did not have a regularly scheduled lunch break. Her workday ended at approximately 5:00 p.m., and on most days she returned directly home. She was not reimbursed for mileage.

{¶5} On certain days, appellant was required to go to Mid Ohio's office to drop off her paper work, signed by the clients to show she had performed the work. Sometimes, she would drop off the paperwork on a Friday, but other times, the office wanted the paperwork on a Monday. Mid Ohio's workers were required to pick up their paychecks at the office if they lived in Mansfield. Generally, appellant would pick up her paycheck in the morning so as to not conflict with the office personnel's lunch hour. In

her deposition appellant deposed sometimes the office personnel would even call and ask her when she was coming to get her check.

{¶6} Mid Ohio leased an office in a strip mall style building with parking in front of it for Mid Ohio and patrons of the other businesses in the strip. In her deposition appellant testified she was required to park in the front of the building and to use the front door. The rear parking area and back door were used by the persons who worked in the office.

{¶7} Mid Ohio gave its employees their assignments either by phone or when they came to the office to drop off their paper work or to pick up their checks. Appellant testified they often called her to the office so she could get a printout showing the client's location and information about the client's needs.

{¶8} December 28th, 2008 was a Friday and payday. Appellant drove to the office and parked in the parking lot in front of the strip mall. On the day in question, she did not have any paperwork to drop off. Appellant picked up her paycheck and was given an additional assignment to work another client into her schedule for the day. While leaving the office, she stepped on a patch of ice which, she testified, she had not seen or stepped on going into the building. She fell, sliding on her right shoulder into the wheel of the car. Although appellant attempted to continue working, it became apparent she was injured, and she ceased work and went to the doctor. Eventually she was diagnosed with a torn rotator cuff on her right side.

{¶9} The district hearing officer denied appellant's request for injury allowance, finding her injury was not work-related because her employer did not own or control the parking lot in which she was injured.

## Summary Judgment

**{¶10}** Civ. R. 56 states in pertinent part:

**{¶11}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶12}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Hounshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427, 424 N.E.2d 311. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321, 474 N.E.2d 271. A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301, 733 N.E.2d 1186.

{¶13}  When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35, 506 N.E.2d 212.  This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280, 662 N.E.2d 264.  Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id.  The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732, 600 N.E.2d 791.

Workers' Compensation Law

{¶15}  It is well settled that the Ohio Workers' Compensation Act does not create a general insurance fund for compensating all injuries to workers. *Lohnes v. Young* (1963), 175 Ohio St. 291, 194 N.E. 2d 428. A compensable injury is one that has a sufficiently strong connection to the injured person's employment.  *Bralley v. Daugherty* (1980), 61 Ohio St. 2d 302, 401 N.E. 2d 448.  The claimant must show the injury was received both in the course of and arising out of the injured employee's employment.

*Fisher v. Mayfield* (1990), 49 Ohio St. 3d 275, 551 N.E. 2d 1271. However, this rule is to be liberally construed in favor of awarding benefits. Id. at 278.

**{¶16}** Appellees' joint motion for summary judgment stated the crux of their argument was the applicability of the coming and going rule. In *Ruckman v. Cubby Drilling, Inc.,* 81 Ohio St. 3d 117, 1998-Ohio-455, 689 N.E. 2d 917, the Supreme Court of Ohio explained the application of the coming and going rule. The court stated "in determining whether an employee is fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his or her substantial employment duties only after arriving at a specific and identifiable workplace designated by his employer. That focus remains the same even though the employee may be re-assigned to a different workplace monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment. A fixed-situs employee is entitled to Workers' Compensation benefits for injuries occurring while coming and going from or to his place of employment where the travel serves a function of the employer's business and creates a risk that is distinctive in nature from quantitatively greater than risks common to the public." Syllabus by the court, paragraphs 1 and 2, citations deleted.

**{¶17}** In *Cubby,* supra, the Supreme Court explained the rationale for the coming-and-going rule is that Workers' Compensation applies only to hazards encountered by the employee while in the discharge of the duties of employment, and does not cover risks and hazards, such as travel to and from the place of actual employment over the streets and highways, if those risks and hazards are similarly encountered by the public generally.

{¶18} The facts in *Cubby* are instructive. Two oil riggers were injured in a motor vehicle accident while on route to a drilling site. The Supreme Court noted although the riggers were regularly required to drive to various sites, they had no duties to perform until they reached the drilling site, and their duties ended upon leaving the site. The Supreme Court determined even though they travelled a great deal, the riggers had a specific work site and the coming-and-going rule applied. The court noted that normally, an employee's commute to a fixed worksite has no meaningful relationship to his contract and serves no purpose of the employer's business.

{¶19} The Supreme Court also cautioned that although payment for travel is commonly considered to be a key factor in determining whether an employee was in the course of his or her employment while travelling to a job site, caution must be used in applying this as the major factor in a "course of employment" inquiry.

{¶20} The Supreme Court explained the totality of the circumstances test to determine whether there exists sufficient causal connection between the injury and the employment for a fixed-situs employee who is subject to the coming and going rule. First, courts must analyze various factors: (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. Id., citations deleted. This test is applied to establish an exception the coming and going rule and does not apply to non-fixed situs employees.

The Motion for Summary Judgment

{¶21} The trial court's entry granting summary judgment does not state the basis of its decision other than to cite the appellees' joint memoranda in support of the motion. The memorandum in support of the motion alleges that the "coming and going" rule applies here to bar appellant's recovery. The motion alleged appellant's injury did not occur in the course of and arising out of her employment because "walking in a parking lot was not a condition of her employment". Motion for summary judgment at 9. The appellees alleged appellant's injury did not occur in the course of her employment because she was not working for a client, but was on what appellees characterized as a personal errand. The appellees alleged the ice did not constitute a special hazard incidental to her employment other than those to which the general public was exposed. The motion also asserted Mid Ohio received no benefit from appellant's presence in the parking lot and she was not in proximity to any client while there.

{¶22} Appellant responded to the motion for summary judgment by asserting the "coming and going" rule did not apply because she was not a "fixed-situs" employee and was in the course and scope of her employment when she was injured. Appellant argues she was at the office in the course of her employment because the employer required her to pick up her check and, often, new assignments. She argued it is irrelevant whether Mid Ohio controlled the parking lot because she was in the zone of employment when she was injured.

{¶23} Appellees' joint reply stated even if appellant is not considered a fixed-situs employee, because she had interrupted her work she must show a causal connection between her injury and her employment. Even if she is not a fixed-situs

employee, appellees argue, appellant's employment only requires her to drive to and from various clients' homes, and appellant is not assigned to work in the business office. Appellees assert appellant must show proximity to the place of employment, i.e. a client's home.

### "Fixed-Situs"

{¶24} Applying the *Cubby* test to the case at bar, we find appellant was not a fixed-situs employee.  Although her work began when she arrived at the first client's home, she was paid hourly including for all travel between clients, which could encompass quite a long distance on any given day.  Her day did not end until she left the last client's home. Mid Ohio did not even schedule a lunch break for appellant during her work day.   On the day of her injury, appellant was not finished with the day's work because she still had several clients to visit after she picked up her check and received an additional assignment. She was being paid for her time when she was injured.

{¶25} We find the evidence shows appellant was required to go to Mid Ohio's business office on a regular basis during her work day to submit her paperwork, receive information about work assignments, and to pick up her paycheck.  Mid Ohio did not control the parking lot directly, but its lease provided the owner would maintain the driveway and parking lot in a manner consistent with the lessees' reasonable use. Presumably the rent Mid Ohio paid was partly for use of the parking lot and maintenance services. This is distinguishable from *Cubby*, where the accident occurred on a public road and was caused by a negligent driver, neither of which was under the

employer's control. Mid Ohio specified what area appellant should park in and which door she should use.

**{¶26}** Appellees argue appellant had interrupted her work to run a personal errand in going to the office, but the evidence in the record can only be construed that Mid Ohio required appellant to regularly travel to the business office at certain hours and on certain days, which were necessarily between client assignments, and she was injured while performing that aspect of her employment.

**{¶27}** We conclude as a matter of law appellant was not a "fixed-situs" employee and the coming and going rule does not apply. Because she is not a fixed-situs employee, the totality of the circumstances exception set out in *Cubby* does not apply.

*Fisher*

**{¶28}** . In order to prevail on her claim, appellant must produce evidence on both prongs of the test articulated in *Fisher,* supra, that is, she must show her injury arose both in the course of and arising out of the scope of her employment.

**{¶29}** The first issue is whether appellant's injury was one "arising out of" her employment. This refers to a causal connection between the injury and the employment. *Fisher*, supra, at 277-278, 551 N.E.2d 1271. "Whether there is a sufficient 'causal connection' between an employee's injury and his employment ... depends on the totality of the facts and circumstances surrounding the accident." *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 423 N.E.2d 96, syllabus by the court. "As such, no one test or analysis can be said to apply to each and every factual possibility." Id.

**{¶30}** In *Hirschle v. Mabe*, Montgomery App. Nos. 22954 and 22975, the Court of Appeals for the Second District reviewed a case where an employee was walking

back to her car parked in her employer's parking lot.  She had picked up her paycheck but was not working that day.  She was allowed to pick up her paycheck, but was not required to do so. The court of appeals found even if the employee is not in the parking lot in the performance of her specific job, causation "remains the analysis even though the activity that actually caused her injury was walking to her car. An injury that occurs in an employer's parking lot while walking to a vehicle, though incidental to employment, still occurs in the course of employment. See *Griffin v. Hydra-Matic Division, General Motors Corp.* (1988), 39 Ohio St.3d 79, 529 N.E.2d 436 (injury suffered after slip and fall in parking lot after work is compensable); *Marlow v. Goodyear Tire & Rubber Co.* (1967), 10 Ohio St.2d 18, 225 N.E.2d 241 (injury suffered after auto accident in parking garage while leaving work is compensable)." *Hirschle* at paragraph 22.

**{¶31}** We find appellant has established the causation prong of *Fisher.*

**{¶32}** The second prong of the *Fisher* test is whether appellant received her injury in the course of her employment.  Courts have considered this issue with regard to the time, place, and circumstances of the accident that caused the injury.  *Fisher,* supra.  However, an injured employee need not be in the actual performance of his duties in order for his injury to be in the course of employment.  *Sebek v. Cleveland Graphite Bronze Company* (1947), 148 Ohio St. 693, 76 N.E. 2d 892, overruled in part on other issues in *Johnson v. Industrial Commission*, 164 Ohio St. 693, 76 N.E.2d 892. The employee must be engaged in a pursuit or undertaking consistent with the contract of hire which is related in some logical manner, or is incidental to, his or her employment.  Id.

{¶33} The *Hirschle* court found a fundamental aspect of the employment relationship is the payment and receipt of wages. *Hirschle* at paragraph 14, citations deleted. The court concluded *Hirchle's* injury, incurred when she was present solely to pick up her check, nontheless arose out of a performance of the employer's duty and her exercise of a right under her employment agreement.

{¶34} Here, appellant was injured while engaged in specific acts Mid Ohio required her to do regularly as part of her employment. She was in the parking lot solely at Mid Ohio's behest. Mid Ohio's policy indicates it believed it received a benefit in not being required to mail the paychecks.

{¶35} We find the trial court erred as a matter of law in determining appellant was not entitled to participate in the Workers' Compensation Fund for her injuries.

{¶36} The assignment of error is sustained.

{¶37} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0420

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARY STAIR | : | |
| Plaintiff-Appellant | : | |
| -vs- | : | JUDGMENT ENTRY |
| MID OHIO HOME HEALTH LTD | : | |
| Defendant-Appellee | : | CASE NO. 2010-CA-0114 |

And

ADMINISTRATOR, BUREAU OF
WORKERS' COMPENSATION

               Defendant-Appellee


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the appellees.


_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS