[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Friebel v. Visiting Nurse Assn. of Mid-Ohio,* Slip Opinion No. 2014-Ohio-4531.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4531

FRIEBEL, APPELLEE, *v*. VISITING NURSE ASSOCIATION OF

MID-OHIO ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *Friebel v. Visiting Nurse Assn. of Mid-Ohio,*

Slip Opinion No. 2014-Ohio-4531.]

*Workers' compensation—The doctrine of dual intent or dual purpose is not applicable when determining eligibility for workers' compensation benefits.*

(No. 2013-0892—Submitted April 9, 2014—Decided October 21, 2014.)

APPEAL from the Court of Appeals for Richland County,

No. 2012-CA-56, 2013-Ohio-1646.

_____

O'CONNOR, C.J.

{¶ 1} In this appeal we address whether the doctrine of dual intent or dual purpose is applicable when determining eligibility for workers' compensation benefits in Ohio. We hold that it is not. Accordingly, we reverse

the decision of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion and judgment.

RELEVANT BACKGROUND

{¶ 2} Beginning in November 2006, appellee, Tamara Friebel, was employed by appellant Visiting Nurse Association of Mid-Ohio ("VNA") as a home health nurse to provide in-home health-care services to VNA clients.

{¶ 3} On a typical work day, Friebel traveled from the home of one patient to another in her personal vehicle. At times, she stopped at the office to pick up mail or supplies or to attend meetings. If working on the weekend, Friebel was paid for travel time and mileage from her residence to her first patient's home as well as for her travel throughout the day and her return home. On weekdays, in contrast, Friebel was paid for travel time and mileage but VNA subtracted 24 miles from the mileage and 30 minutes from the travel time each day to represent the time and distance it would take Friebel to travel back and forth between her home and VNA's office, regardless of whether she actually reported to the office each day.

{¶ 4} On Saturday, January 22, 2011, Friebel was expected to travel from her home in Shelby, Ohio, to the home of her first patient of the day, who lived in Ontario, Ohio. Friebel decided to transport her daughter, her son, and two family friends to the Richland Mall in Ontario on her way to the patient's home.

{¶ 5} While stopped at a traffic light before dropping her passengers off, Friebel's car was hit from behind. Friebel sought workers' compensation for a neck sprain.

*Procedural Background*

{¶ 6} At every procedural step of this action, the conclusion reached was the opposite of the conclusion reached in the previous step.

{¶ 7} The administrator for the Bureau of Workers' Compensation ("BWC") initially allowed Friebel's claim for a neck sprain. VNA appealed, and

a district hearing officer for the Industrial Commission vacated the administrator's allowance of the claim, denied the claim, and found that Friebel was not within the course and scope of her employment at the time of the accident. Specifically, the district hearing officer found that Friebel had not yet begun her employment duties at the patient's house when she was injured, and therefore, denied the claim.

{¶ 8} On Friebel's appeal, a staff hearing officer of the Industrial Commission vacated the district hearing officer's order and allowed the claim. The staff hearing officer determined that because the employer had conceded at a hearing that Friebel was to be paid both mileage and for her travel time from her home to the first patient's home on the day of the injury, the case was distinguishable from those on which the district hearing officer had relied to deny the claim. The Industrial Commission declined further appeal and VNA's request for reconsideration. VNA then appealed to the Richland County Court of Common Pleas, where Friebel filed a complaint against VNA and the BWC seeking workers' compensation benefits.

{¶ 9} The trial court granted summary judgment in favor of VNA. The court concluded that there was no dispute that Friebel was on a personal errand at the time she was injured, i.e., transporting her children and others to the mall, and thus, Friebel's injury neither arose out of nor occurred in the course of her employment. Diverging from the staff hearing officer's decision, the trial court concluded that it was "immaterial" that Friebel was paid for travel time and mileage on the weekends because at the time of the injury, Friebel was traveling to the mall and not to work. Friebel appealed.

{¶ 10} In a split decision, the Fifth District Court of Appeals reversed the trial court's order granting summary judgment and held that, as a matter of law, the accident and injury arose out of and occurred in the course of Friebel's employment. The court of appeals remanded for proceedings consistent with its

holding.  The appellate court found that even though Friebel had intended to drop her passengers off at the mall, she had had the dual intent to travel to her patient's home, and that when she was injured, she had not yet diverted from that path. 2013-Ohio-1646, 991 N.E.2d 279 (5th Dist.) at ¶ 21.  The appellate court also found that Friebel would not have been at the place where the accident occurred if she had not been performing her employment duties because she was on the route to the patient's home when she was injured.  *Id*. at ¶ 26-27.

{¶ 11} We accepted VNA's discretionary appeal from the appellate court's judgment on two issues: (1) whether the dual-intent doctrine applies in Ohio workers' compensation cases and (2) whether granting summary judgment in favor of a nonmoving party was appropriate.  136 Ohio St.3d 1491, 2013-Ohio-4140, 994 N.E.2d 462.[1]

### ANALYSIS

{¶ 12} An injury compensable under the workers' compensation system must have occurred "in the course of, and arising out of, the injured employee's employment."  R.C. 4123.01(C).  This court has recognized that both prongs of this statutory definition must be met.  *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990).

{¶ 13} The "in the course of" prong relates to the time, place, and circumstances of the injury.  *Id*.  This prong limits workers' compensation benefits to employees who sustain injuries while engaged in a required employment duty or activity consistent with their contract for hire and logically related to the employer's business.  *Ruckman v. Cubby Drilling, Inc.,* 81 Ohio St.3d 117, 120, 689 N.E.2d 917 (1998).

{¶ 14} The "arising out of" prong refers to the causal connection between the employment and the injury, and whether the there is sufficient causal

---

[1] We also granted the motion of the administrator of BWC to realign as an appellant in the appeal. 136 Ohio St.3d 1542, 2013-Ohio-4766, 996 N.E.2d 971.

4

connection to satisfy this prong " 'depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.' " *Fisher* at 277, quoting *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981) syllabus. This list of factors is not exhaustive, however, and an employee may fail to establish one or more of these three factors and still be able to establish the requisite causal connection. *Fisher* at 279, fn. 2; *Ruckman* at 122.

{¶ 15} In addition to the factors set out in *Fisher*, this court acknowledged that "similar fact patterns have promulgated their own set of rules." *Fisher,* 49 Ohio St.3d at 280, 551 N.E.2d 1271. For example, for employees who travel regularly for work and who are injured away from the workplace during an employment-related trip, courts have generally held that the employee is entitled to benefits unless the injury occurred while the employee was on a personal errand. *Woodard v. Cassens Transport Co.,* 3d Dist. Union No. 14-11-22, 2012-Ohio-4015.

{¶ 16} For employees with a fixed place of employment, the general rule is that the requisite causal connection is absent when an injury occurs while traveling to or from the workplace—the "coming-and-going rule." *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 572 N.E.2d 661 (1991), syllabus*; Ruckman,* 81 Ohio St.3d at 119, 689 N.E.2d 917. Whether a place of employment is "fixed" is a fact-specific inquiry and depends on the facts and circumstances surrounding the employment. *Ruckman* at 119-120 (holding that even when the employment calls for "periodic relocation of job sites," it may still constitute fixed-situs employment).

{¶ 17} Courts recognize various exceptions to the coming-and-going rule. The exceptions apply, for example, when the injury occurred due to a "special

hazard" inherent in the employment or when the totality of the circumstances otherwise demonstrates a causal connection between the injury and employment. *MTD Prods.*, at 69-70; *Ruckman* at 120, 123. But whether an employee is a fixed-situs or non-fixed-situs employee, the causal connection must be established in order for the employee to demonstrate that his injuries arose out of his employment. *See Crockett v. HCR Manorcare, Inc.*, 4th Dist. Scioto No. 03CA2919, 2004-Ohio-3533, ¶ 21.

{¶ 18} Because workers' compensation cases are fact specific, no one factor is controlling and "[n]o one test or analysis can be said to apply to each and every factual possibility." *Fisher*, 49 Ohio St.3d at 280, 551 N.E.2d 1271. The overarching consideration is that the statute must be accorded a liberal construction in favor of awarding benefits. R.C. 4123.95; *Fisher* at 278.

### *Dual-Purpose Doctrine in Ohio Workers' Compensation Law*

{¶ 19} When an employee is injured while traveling for both business and personal purposes, some jurisdictions recognize a dual-intent doctrine, or dual-purpose doctrine. The doctrine grew out of the seminal decision *In re Marks v. Gray*, 251 N.Y. 90, 167 N.E. 181 (1929).

{¶ 20} In *Marks*, the employee was asked to perform a task for his employer in a neighboring town only because the employee was traveling there for the personal purpose of meeting his wife. *Id*. at 91-92. The court held that because the travel was for personal reasons and the employee would not have been sent to do the task if he had not been traveling to the town for a personal purpose, workers' compensation benefits were not available. *Id*. at 94. The court described the test for determining whether a traveling employee is acting in the course of his employment as follows:

> If the work of the employee creates the necessity for travel, he is in
> the course of his employment, though he is serving at the same

time some purpose of his own * * *. If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal and personal the risk.

*Marks*, at 93-94.

{¶ 21} Since *Marks,* many states have adopted the doctrine. *See, e.g., Jacobs v. Consol. Tel. Co.*, 237 Neb. 772, 775, 467 N.W.2d 864 (1991); *Jane Traylor, Inc. v. Cooksey*, 31 Ark. App. 245, 252, 792 S.W.2d 351 (1990); *Swartz v. McDonald's Corp.*, 788 So.2d 937, 945 (Fla. 2001); *Jenrett v. Smith*, 173 W.Va. 325, 332, 315 S.E.2d 583 (1983) (using the *Marks* test as a tool in determining whether an employee was acting in furtherance of the employer's business for purposes of tort immunity); *contra D&C Builders v. Cullinane*, 98 Nev. 67, 70, 639 P.2d 544 (1982) (rejecting the dual-purpose doctrine and requiring "only that the business nature of an excursion be bona fide").

{¶ 22} But this court implicitly rejected the dual-purpose doctrine by reversing a judgment of the Second District that relied, in part, on *Marks*. *Cardwell v. Indus. Comm.*, 155 Ohio St. 466, 99 N.E.2d 306 (1951). In *Cardwell*, the claimant was struck by a train while traveling in a vehicle while returning from running a personal errand with his wife. At the time of the accident, he was driving toward his place of employment but was planning to stop at his home along the way. *Id.* at 466-467. We held, unanimously:

There may have been a direct or proximate causal relationship between plaintiff's injuries and the trip made by the plaintiff and his wife for their personal purposes, but there certainly could be no

such causal relationship between the plaintiff's employment and those injuries, at least until after his trip for personal purposes had ended. Such a proximate causal relationship is essential to justify the award of workmen's compensation to the plaintiff. *McNees v. Cincinnati Street Ry. Co.*, 152 Ohio St. 269, 89 N.E.2d 138 [1949].

*Id*. at 468.

**{¶ 23}** After *Cardwell,* and in light of the mandate in *Fisher* that both the "in the course of" and "arising out of" statutory elements must be met, Ohio's appellate courts properly have refused to recognize or create a blanket rule for employees traveling with both personal and employment purposes. Ohio courts have concluded that analyzing the facts and circumstances of these cases under the "in the course of" and "arising out of" tests set forth in *Fisher* and its progeny is sufficient to determine coverage even for situations involving traveling employees and personal errands. *See Griffith v. Miamisburg*, 10th Dist. Franklin No. 08AP-557, 2008-Ohio-6611, ¶ 13 (declining to recognize a special status for an employee on a business trip and analyzing eligibility for benefits under the *Fisher* standard); *Woodard*, 2012-Ohio-4015, ¶ 20, citing *Griffith*; *see also Crockett*, 2004-Ohio-3533, at ¶ 21.

**{¶ 24}** VNA contends that the appellate court's decision in this case applies the previously unrecognized dual-intent doctrine in Ohio workers' compensation law. Friebel argues that VNA misreads the court of appeals' decision, which she contends properly applied the in-the-course-of and arising-out-of tests. She asserts that the dual-intent doctrine is irrelevant to the analysis. Despite Friebel's contention, we believe that the doctrine influenced the appellate court's analysis.

**{¶ 25}** In analyzing the "in the course of" prong, the court of appeals noted that Friebel had "dual-intentions" because she intended both to travel to her

8

patient's home and to drop off her passengers at the mall. 2013-Ohio-1646, 991 N.E.2d 279, at ¶ 21. The court of appeals found that "[s]imply because [Friebel] dually intended to both travel to her patient's home and drop her passengers off at the mall when she left her house does not disqualify [her] from being in the course of employment since the accident occurred prior to [her] deviation from the route to the patient's house." *Id.* The dissenting opinion squarely took issue with the majority opinion's reliance on the dual intent of Friebel, noting the lack of case law supporting the concept of dual intent and the difficulty in determining "what is in the mind of the employee." *Id.* at ¶ 36 (Wise, J., dissenting).

{¶ 26} The appellate court concluded that Friebel had not yet diverted from her employment purpose when she was injured because she was on the route to her patient's home. But an equally reasonable conclusion is that she had not yet begun her employment purpose because she had not yet dropped off her passengers. Thus, Friebel's dual purposes in traveling at the time of her injury shed little to no light on whether Friebel's actions, and the nature of her employment, demonstrate that her injury occurred in the course of her employment.

{¶ 27} Regardless of how the court of appeals construed Friebel's intentions, we decline to adopt the dual-intent, or dual-purpose, doctrine for analyzing a workers' compensation claim. And we make clear the correct standards for addressing similar claims.

{¶ 28} The proper way to analyze workers' compensation claims, even for employees traveling for both personal and employment purposes, is to apply the "in the course of" and "arising out of" tests described in *Fisher* and its progeny, including the totality-of-the-circumstances tests for causation described in *Lord* and *Ruckman*. Even when work creates the necessity for travel and the travel includes a personal purpose, workers' compensation benefits are available only for an injury that occurs in the course of and arising out of the employment.

{¶ 29} And an employee's subjective intent regarding the purposes of her travel is not determinative as to whether the injury occurred in the course of and arose out of the employment. Almost all work requires travel, either as part of the employment duties or as part of a commute. And almost every occasion to travel for work may, at some point, involve both personal and employment purposes. Elevating an employee's subjective intent regarding her dual purposes above an objective review of that employee's actions and the nature of her employment would distract from the core analysis: (1) whether the time, place, and circumstances of the injury demonstrate that it occurred in the course of the employment and (2) whether under the totality of the circumstances, there is sufficient causal connection between the injury and the employment to establish that the injury arose out of the employment.

{¶ 30} Looking for general guidance from cases with similar fact patterns can be useful. But given the fact-specific nature of the workers' compensation eligibility analysis and the impossibility of crafting a one-size-fits-all test, the dual-intent or dual-purpose doctrine does not have a place in analyzing workers' compensation claims in Ohio.

### Propriety of Summary Judgment

{¶ 31} Turning to the second proposition, VNA contends that the court of appeals improperly "de facto granted summary judgment, *sua sponte* on appeal, in favor of the non-moving claimant." In response, Friebel contends that VNA should not now be able to argue that summary judgment was improper, because it argued before the trial court that no genuine dispute of material fact exists.

{¶ 32} The court of appeals remanded the case for further proceedings without expressly granting summary judgment in Friebel's favor. But there would be little remaining for the fact-finder to do given the court of appeals' conclusion that, as a matter of law, Friebel's injury occurred in the course of and arising out of her employment. This conclusion is based in large part, however,

10

on Friebel's dual intentions for travel at the time of the injury. We have now rejected the relevance of an employee's subjective intent regarding her dual purposes to the determination of workers' compensation coverage, and thus the fundamental predicate to the appellate court's decision is no longer extant.

**{¶ 33}** Additionally, there remain questions of material fact in general dispute: Was Friebel a fixed-situs employee? Was she on a personal errand at the time of injury? Was she traveling her normal route to this patient's home? As is evident from the procedural ping-pong this case has endured, more than one reasonable inference can be drawn from the record. Because material facts are in genuine dispute, the matter may not be disposed of at the summary-judgment stage. Civ.R. 56; *See Jackson v. Kings Island*, 58 Ohio St.2d 357, 360, 390 N.E.2d 810 (1979) ("Summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion * * * are subject to reasonable dispute"). Thus, the merits of the claim must be decided at trial.

### CONCLUSION

**{¶ 34}** We hold that the doctrine of dual intent, or dual purpose, is not recognized in Ohio for purposes of determining eligibility for workers' compensation benefits. We therefore reverse the decision of the Fifth District Court of Appeals and remand the cause to the Court of Common Pleas of Richland County for further proceedings.

Judgment reversed

and cause remanded.

LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., concurs in judgment only.

O'NEILL and PFEIFER, JJ., dissent.

_____

**O'NEILL, J., dissenting.**

{¶ 35} This case should be dismissed as having been improvidently accepted. It is unclear whether this opinion affirms, reverses, or modifies the judgment of the court of appeals. Likewise, it does not involve a substantial constitutional question and it does not meet this court's jurisdictional requirement of a case "of public or great general interest." Ohio Constitution, Article IV, Sections 2(B)(2)(a)(ii) and 2(B)(2)(e). The Fifth District did not rely on or apply the doctrine of dual intent in this case. The Fifth District decided the issues in this case based on current statutes and binding precedent from this court, and I write to caution against the practice of announcing a new rule of law in a case that was decided on summary judgment, since it provides such a limited evidentiary record.

{¶ 36} I agree with the majority that "[t]he proper way to analyze workers' compensation claims, even for employees traveling for both personal and employment purposes, is to apply the 'in the course of' and 'arising out of' tests described in *Fisher* [*v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990)] and its progeny, including the totality-of-the-circumstances tests for causation described in *Lord* [*v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96, (1981)] and *Ruckman* [*v. Cubby Drilling, Inc.,* 81 Ohio St.3d 117, 120, 689 N.E.2d 917 (1998)]. Even when work creates necessity for travel and the travel includes a personal purpose, workers' compensation benefits are available only for an injury that occurs in the course of and arising out of the employment." Majority opinion at ¶ 28. That is precisely the analysis that the Fifth District performed in this case. The Fifth District determined that the trial court erred in granting summary judgment to the Visiting Nurse Association of Mid-Ohio ("VNA"). The Fifth District also determined that under *Fisher*, Friebel was injured in the course of and arising out of her employment, as required by R.C. 4123.01(C). Thus, the court of appeals remanded the case to the trial court for

further proceedings. And now the majority mandates the same outcome as the court of appeals. Is that a reversal, affirmance, or modification? It is none of the above.

{¶ 37} It is very clear that the Fifth District did not base its decision on the doctrine of dual intent, and it is wrong to suggest otherwise. Indeed, as the majority points out, the appellate opinion cites no precedent applying or explaining the doctrine of dual intent. Majority opinion at ¶ 25, citing Judge Wise's dissenting opinion in the court of appeals. I would suggest that this case, an appeal from a summary judgment, simply does not have the sufficient evidentiary record to provide the foundation for a major pronouncement on a subject as complex as "dual intent" in the area of workers' compensation.

{¶ 38} The appellate opinion mentions dual intent only two times in the entire opinion, and neither time is the court applying the dual-intent doctrine. Both references are in ¶ 21. The first reference appears as follows: "These facts present a unique situation in which [Friebel] had dual intentions when she left her home on the morning of Saturday, January 22, 2011. She intended to travel to her patient's home via a certain defined route. She also intended to drop her passengers off at the mall and return to the route to her patient's home." 2013-Ohio-1646, 991 N.E.2d 279 (5th Dist.) at ¶ 21. And then five sentences later, the opinion reads, "Simply because [Friebel] dually intended to both travel to her patient's home and drop her passengers off at the mall when she left her house does not disqualify [her] from being in the course of employment since the accident occurred prior to [her] deviation from the route to the patient's house." *Id.* These two oblique references in one paragraph of the entire 34-paragraph appellate opinion clearly demonstrate that the court of appeals was relying on established law rather than plowing new ground. Significantly, the appellate opinion, relying on established precedent from this court in the area of workers' compensation, devotes ¶ 15 through 31 to explaining why the trial court erred as a

matter of law when it granted summary judgment in favor of the employer. And in so doing, the court properly relied on applicable statutes and binding precedent from this court, including R.C. 4123.54(A), R.C. 4123.01(C), *Fisher,* 49 Ohio St.3d 275, 551 N.E.2d 1271; *Lord,* 66 Ohio St.2d 441, 423 N.E.2d 96; and *Ruckman,* 81 Ohio St.3d 117, 689 N.E.2d 917.

{¶ 39} The simple fact is that Friebel is a visiting nurse. By definition, she travels to treat patients. Pursuant to her employer's policies, she was on the clock from the time she left her home on Saturday to visit her patient and was entitled to reimbursement for mileage for the whole journey, including the moment when her car was struck from the rear by another car. It is disingenuous at best to suggest that a worker is being paid to drive to a specific location to do her job, but under some theory of "dual purpose" she is not entitled to workers' compensation benefits for an injury that happens during the course of the journey.

{¶ 40} The Fifth District got this case right when it reversed the summary judgment in favor of VNA and remanded this case to the trial court for further proceedings. Likewise, the majority's decision to remand the case to the trial court is correct. Everyone seems to agree that Friebel, at a minimum, deserves her day in court. However, the court here mischaracterizes the holding of the Fifth District, and to that I object. The Fifth District simply did not reverse the trial court's summary judgment based on the doctrine of dual intent. Thus, this case should be dismissed as having been improvidently accepted. It was already on course and heading in the right direction, our pronouncements to the contrary notwithstanding.

PFEIFER, J., concurs in the foregoing opinion.

_____

Plevin & Gallucci, Frank Gallucci III, and Matthew P. Cincione; and Paul W. Flowers, Co., L.P.A., and Paul W. Flowers, for appellee.

Willacy, LoPresti & Marcovy, Timothy A. Marcovy, and Michael S. Lewis, for appellant Visiting Nurse Association of Mid-Ohio.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Stephen P. Carney, Deputy Solicitor, and Cheryl J. Nester, Principal Assistant Attorney General, Kevin J. Reis, Assistant Attorney General, for appellant Stephen P. Buehrer, Administrator, Ohio Bureau of Workers' Compensation.

_____