O’Connor, CJ.
{¶ 1} In this appeal we address whether the doctrine of dual intent or dual purpose is applicable when determining eligibility for workers’ compensation benefits in Ohio. We hold that it is not. Accordingly, we reverse the decision of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion and judgment.
Relevant Background
{¶ 2} Beginning in November 2006, appellee, Tamara Friebel, was employed by appellant Visiting Nurse Association of Mid-Ohio (‘VNA”) as a home health nurse to provide in-home health-care services to VNA clients.
{¶ 3} On a typical work day, Friebel traveled from the home of one patient to another in her personal vehicle. At times, she stopped at the office to pick up mail or supplies or to attend meetings. If working on the weekend, Friebel was paid for travel time and mileage from her residence to her first patient’s home as well as for her travel throughout the day and her return home. On weekdays, in contrast, Friebel was paid for travel time and mileage but VNA subtracted 24 miles from the mileage and 30 minutes from the travel time each day to represent the time and distance it would take Friebel to travel back and forth between her home and VNA’s office, regardless of whether she actually reported to the office each day.
{¶ 4} On Saturday, January 22, 2011, Friebel was expected to travel from her home in Shelby, Ohio, to the home of her first patient of the day, who lived in Ontario, Ohio. Friebel decided to transport her daughter, her son, and two family friends to the Richland Mall in Ontario on her way to the patient’s home.
*426 {¶ 5} While stopped at a traffic light before dropping her passengers off, Friebel’s car was hit from behind. Friebel sought workers’ compensation for a neck sprain.

Procedural Background

{¶ 6} At every procedural step of this action, the conclusion reached was the opposite of the conclusion reached in the previous step.
{¶ 7} The administrator for the Bureau of Workers’ Compensation (“BWC”) initially allowed Friebel’s claim for a neck sprain. VNA appealed, and a district hearing officer for the Industrial Commission vacated the administrator’s allowance of the claim, denied the claim, and found that Friebel was not within the course and scope of her employment at the time of the accident. Specifically, the district hearing officer found that Friebel had not yet begun her employment duties at the patient’s house when she was injured, and therefore, denied the claim.
{¶ 8} On Friebel’s appeal, a staff hearing officer of the Industrial Commission vacated the district hearing officer’s order and allowed the claim. The staff hearing officer determined that because the employer had conceded at a hearing that Friebel was to be paid both mileage and for her travel time from her home to the first patient’s home on the day of the injury, the case was distinguishable from those on which the district hearing officer had relied to deny the claim. The Industrial Commission declined further appeal and VNA’s request for reconsideration. VNA then appealed to the Richland County Court of Common Pleas, where Friebel filed a complaint against VNA and the BWC seeking workers’ compensation benefits.
{¶ 9} The trial court granted summary judgment in favor of VNA. The court concluded that there was no dispute that Friebel was on a personal errand at the time she was injured, i.e., transporting her children and others to the mall, and thus, Friebel’s injury neither arose out of nor occurred in the course of her employment. Diverging from the staff hearing officer’s decision, the trial court concluded that it was “immaterial” that Friebel was paid for travel time and mileage on the weekends because at the time of the injury, Friebel was traveling to the mall and not to work. Friebel appealed.
{¶ 10} In a split decision, the Fifth District Court of Appeals reversed the trial court’s order granting summary judgment and held that, as a matter of law, the accident and injury arose out of and occurred in the course of Friebel’s employment. The court of appeals remanded for proceedings consistent with its holding. The appellate court found that even though Friebel had intended to drop her passengers off at the mall, she had had the dual intent to travel to her patient’s home, and that when she was injured, she had not yet diverted from *427 that path. 2013-Ohio-1646, 991 N.E.2d 279, ¶ 21 (5th Dist.). The appellate court also found that Friebel would not have been at the place where the accident occurred if she had not been performing her employment duties because she was on the route to the patient’s home when she was injured. Id. at ¶ 26-27.
{¶ 11} We accepted VNA’s discretionary appeal from the appellate court’s judgment on two issues: (1) whether the dual-intent doctrine applies in Ohio workers’ compensation cases and (2) whether granting summary judgment in favor of a nonmoving party was appropriate. 136 Ohio St.3d 1491, 2013-Ohio-4140, 994 N.E.2d 462.[1]
Analysis
{¶ 12} An injury compensable under the workers’ compensation system must have occurred “in the course of, and arising out of, the injured employee’s employment.” R.C. 4123.01(C). This court has recognized that both prongs of this statutory definition must be met. Fisher v. Mayfield, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990).
{¶ 13} The “in the course of’ prong relates to the time, place, and circumstances of the injury. Id. This prong limits workers’ compensation benefits to employees who sustain injuries while engaged in a required employment duty or activity consistent with their contract for hire and logically related to the employer’s business. Ruckman v. Cubby Drilling, Inc., 81 Ohio St.3d 117, 120, 689 N.E.2d 917 (1998).
{¶ 14} The “arising out of’ prong refers to the causal connection between the employment and the injury, and whether there is sufficient causal connection to satisfy this prong “ ‘depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee’s presence at the scene of the accident.’ ” Fisher at 277, quoting Lord v. Daugherty, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981) syllabus. This list of factors is not exhaustive, however, and an employee may fail to establish one or more of these three factors and still be able to establish the requisite causal connection. Fisher at 279, fn. 2; Ruckman at 122.
{¶ 15} In addition to the factors set out in Fisher, this court acknowledged that “similar fact patterns have promulgated their own set of rules.” Fisher, 49 Ohio St.3d at 280, 551 N.E.2d 1271. For example, for employees who travel regularly *428 for work and who are injured away from the workplace during an employment-related trip, courts have generally held that the employee is entitled to benefits unless the injury occurred while the employee was on a personal errand. Woodard v. Cassens Transport Co., 3d Dist. Union No. 14-11-22, 2012-Ohio-4015, 2012 WL 3801327.
{¶ 16} For employees with a fixed place of employment, the general rule is that the requisite causal connection is absent when an injury occurs while traveling to or from the workplace — the “coming-and-going rule.” MTD Prods., Inc. v. Robatin, 61 Ohio St.3d 66, 572 N.E.2d 661 (1991), syllabus; Ruckman, 81 Ohio St.3d at 119, 689 N.E.2d 917. Whether a place of employment is “fixed” is a fact-specific inquiry and depends on the facts and circumstances surrounding the employment. Ruckman at 119-120 (holding that even when the employment calls for “periodic relocation of job sites,” it may still constitute fixed-situs employment).
{¶ 17} Courts recognize various exceptions to the coming-and-going rule. The exceptions apply, for example, when the injury occurred due to a “special hazard” inherent in the employment or when the totality of the circumstances otherwise demonstrates a causal connection between the injury and employment. MTD Prods, at 69-70; Ruckman at 120, 123. But whether an employee is a fixed-situs or non-fixed-situs employee, the causal connection must be established in order for the employee to demonstrate that his injuries arose out of his employment. See Crockett v. HCR Manorcare, Inc., 4th Dist. Scioto No. 03CA2919, 2004-Ohio-3533, 2004 WL 1486082, ¶ 21.
{¶ 18} Because workers’ compensation cases are fact specific, no one factor is controlling and “[n]o one test or analysis can be said to apply to each and every factual possibility.” Fisher, 49 Ohio St.3d at 280, 551 N.E.2d 1271. The overarching consideration is that the statute must be accorded a liberal construction in favor of awarding benefits. R.C. 4123.95; Fisher at 278.

Dual-Purpose Doctrine in Ohio Workers’ Compensation Law

{¶ 19} When an employee is injured while traveling for both business and personal purposes, some jurisdictions recognize a dual-intent doctrine, or dual-purpose doctrine. The doctrine grew out of the seminal decision In re Marks v. Gray, 251 N.Y. 90, 167 N.E. 181 (1929).
{¶ 20} In Marks, the employee was asked to perform a task for his employer in a neighboring town only because the employee was traveling there for the personal purpose of meeting his wife. Id. at 91-92. The court held that because the travel was for personal reasons and the employee would not have been sent to do the task if he had not been traveling to the town for a personal purpose, workers’ compensation benefits were not available. Id. at 94. The court *429 described the test for determining whether a traveling employee is acting in the course of his employment as follows:
If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own * * *. If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal and personal the risk.
Marks at 93-94.
{¶ 21} Since Marks, many states have adopted the doctrine. See, e.g., Jacobs v. Consol. Tel. Co., 237 Neb. 772, 775, 467 N.W.2d 864 (1991); Jane Traylor, Inc. v. Cooksey, 31 Ark.App. 245, 252, 792 S.W.2d 351 (1990); Swartz v. McDonald’s Corp., 788 So.2d 937, 945 (Fla.2001); Jenrett v. Smith, 173 W.Va. 325, 332, 315 S.E.2d 583 (1983) (using the Marks test as a tool in determining whether an employee was acting in furtherance of the employer’s business for purposes of tort immunity); contra D & C Builders v. Cullinane, 98 Nev. 67, 70, 639 P.2d 544 (1982) (rejecting the dual-purpose doctrine and requiring “only that the business nature of an excursion be bona fide”).
{¶ 22} But this court implicitly rejected the dual-purpose doctrine by reversing a judgment of the Second District that relied, in part, on Marks. Cardwell v. Indus. Comm., 155 Ohio St. 466, 99 N.E.2d 306 (1951). In Cardwell, the claimant was struck by a train in a vehicle while returning from running a personal errand with his wife. At the time of the accident, he was driving toward his place of employment but was planning to stop at his home along the way. Id. at 466-467. We held, unanimously:
There may have been a direct or proximate causal relationship between plaintiffs injuries and the trip made by the plaintiff and his wife for their personal purposes, but there certainly could be no such causal relationship between the plaintiffs employment and those injuries, at least until after his trip for personal purposes had ended. Such a proximate causal relationship is essential to justify the award of workmen’s compensation to the plaintiff. McNees v. Cincinnati Street Ry. Co., 152 Ohio St. 269, 89 N.E.2d 138 [1949].
*430 Id. at 468.
{¶ 23} After Cardwell, and in light of the mandate in Fisher that both the “in the course of’ and “arising out of’ statutory elements must be met, Ohio’s appellate courts properly have refused to recognize or create a blanket rule for employees traveling with both personal and employment purposes. Ohio courts have concluded that analyzing the facts and circumstances of these cases under the “in the course of’ and “arising out of’ tests set forth in Fisher and its progeny is sufficient to determine coverage even for situations involving traveling employees and personal errands. See Griffith v. Miamisburg, 10th Dist. Franklin No. 08AP-557, 2008-Ohio-6611, 2008 WL 5235168, ¶ 13 (declining to recognize a special status for an employee on a business trip and analyzing eligibility for benefits under the Fisher standard); Woodard, 2012-Ohio-4015, 2012 WL 3801327, ¶ 20, citing Griffith; see also Crockett, 2004-Ohio-3533, 2004 WL 1486082, at ¶ 21.
{¶ 24} VNA contends that the appellate court’s decision in this case applies the previously unrecognized dual-intent doctrine in Ohio workers’ compensation law. Friebel argues that VNA misreads the court of appeals’ decision, which she contends properly applied the in-the-course-of and arising-out-of tests. She asserts that the dual-intent doctrine is irrelevant to the analysis. Despite Friebel’s contention, we believe that the doctrine influenced the appellate court’s analysis.
{¶ 25} In analyzing the “in the course of’ prong, the court of appeals noted that Friebel had “dual intentions” because she intended both to travel to her patient’s home and to drop off her passengers at the mall. 2013-Ohio-1646, 991 N.E.2d 279, at ¶ 21. The court of appeals found that “[s]imply because [Friebel] dually intended to both travel to her patient’s home and drop her passengers off at the mall when she left her house does not disqualify [her] from being in the course of employment since the accident occurred prior to [her] deviation from the route to the patient’s house.” Id. The dissenting opinion squarely took issue with the majority opinion’s reliance on the dual intent of Friebel, noting the lack of case law supporting the concept of dual intent and the difficulty in determining “what is in the mind of the employee.” Id. at ¶ 36 (Wise, J., dissenting).
{If 26} The appellate court concluded that Friebel had not yet diverted from her employment purpose when she was injured because she was on the route to her patient’s home. But an equally reasonable conclusion is that she had not yet begun her employment purpose because she had not yet dropped off her passengers. Thus, Friebel’s dual purposes in traveling at the time of her injury shed little to no light on whether Friebel’s actions, and the nature of her *431 employment, demonstrate that her injury occurred in the course of her employment.
{¶ 27} Regardless of how the court of appeals construed Friebel’s intentions, we decline to adopt the dual-intent, or dual-purpose, doctrine for analyzing a workers’ compensation claim. And we make clear the correct standards for addressing similar claims.
{¶ 28} The proper way to analyze workers’ compensation claims, even for employees traveling for both personal and employment purposes, is to apply the “in the course of’ and “arising out of’ tests described in Fisher and its progeny, including the totality-of-the-circumstances tests for causation described in Lord and Ruckman. Even when work creates the necessity for travel and the travel includes a personal purpose, workers’ compensation benefits are available only for an injury that occurs in the course of and arising out of the employment.
{¶ 29} And an employee’s subjective intent regarding the purposes of her travel is not determinative as to whether the injury occurred in the course of and arose out of the employment. Almost all work requires travel, either as part of the employment duties or as part of a commute. And almost every occasion to travel for work may, at some point, involve both personal and employment purposes. Elevating an employee’s subjective intent regarding her dual purposes above an objective review of that employee’s actions and the nature of her employment would distract from the core analysis: (1) whether the time, place, and circumstances of the injury demonstrate that it occurred in the course of the employment and (2) whether under the totality of the circumstances, there is sufficient causal connection between the injury and the employment to establish that the injury arose out of the employment.
{¶ 30} Looking for general guidance from cases with similar fact patterns can be useful. But given the fact-specific nature of the workers’ compensation eligibility analysis and the impossibility of crafting a one-size-fits-all test, the dual-intent or dual-purpose doctrine does not have a place in analyzing workers’ compensation claims in Ohio.

Propriety of Summary Judyment

{¶ 31} Turning to the second proposition, VNA contends that the court of appeals improperly “de facto granted summary judgment, sua sponte on appeal, in favor of the non-moving claimant.” In response, Friebel contends that VNA should not now be able to argue that summary judgment was improper, because it argued before the trial court that no genuine dispute of material fact exists.
{¶ 32} The court of appeals remanded the case for further proceedings without expressly granting summary judgment in Friebel’s favor. But there would be little remaining for the fact-finder to do given the court of appeals’ conclusion *432 that, as a matter of law, Friebel’s injury occurred in the course of and arising out of her employment. This conclusion is based in large part, however, on Friebel’s dual intentions for travel at the time of the injury. We have now rejected the relevance of an employee’s subjective intent regarding her dual purposes to the determination of workers’ compensation coverage, and thus the fundamental predicate to the appellate court’s decision is no longer extant.
{¶ 33} Additionally, there remain questions of material fact in general dispute: Was Friebel a fixed-situs employee? Was she on a personal errand at the time of injury? Was she traveling her normal route to this patient’s home? As is evident from the procedural ping-pong this case has endured, more than one reasonable inference can be drawn from the record. Because material facts are in genuine dispute, the matter may not be disposed of at the summary-judgment stage. Civ.R. 56; see Jackson v. Kings Island, 58 Ohio St.2d 357, 360, 390 N.E.2d 810 (1979) (“Summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion * * * are subject to reasonable dispute”). Thus, the merits of the claim must be decided at trial.
Conclusion
{¶ 34} We hold that the doctrine of dual intent, or dual purpose, is not recognized in Ohio for purposes of determining eligibility for workers’ compensation benefits. We therefore reverse the decision of the Fifth District Court of Appeals and remand the cause to the Court of Common Pleas of Richland County for further proceedings.
Judgment reversed and cause remanded.
Lanzinger, Kennedy, and French, JJ., concur.
O’Donnell, J., concurs in judgment only.
Pfeifer and O’Neill, JJ., dissent.

. We also granted the motion of the administrator of the BWC to realign as an appellant in the appeal. 136 Ohio St.3d 1542, 2013-Ohio-4766, 996 N.E.2d 971.