[Cite as *Alexander v. Boston*, 2016-Ohio-7583.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JERRY D. ALEXANDER

    Appellant

    v.

CODY BOSTON

    Appellee

C.A. No.    28133

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013 06 2899

DECISION AND JOURNAL ENTRY

Dated: November 2, 2016

---

WHITMORE, Judge.

{¶1} Appellant, Jerry Alexander, has appealed a judgment of the Summit County Court of Common Pleas that granted summary judgment to Appellee, Cody Boston. We affirm.

I.

{¶2} We explained the facts of this case in *Alexander v. Boston*, 9th Dist. Summit No. 27376, 2015-Ohio-1799.

> In 2011, Mr. Alexander, an employee of J.B. Manufacturing ("J.B."), left J.B.'s building to eat lunch in his car, which was parked in the parking lot adjacent to the building. At that time, Cody Boston, also a J.B. employee, was driving his car in the parking lot, and he struck Mr. Alexander and ran over his foot and lower leg. Following the accident, Mr. Alexander filed for, and was awarded, workers' compensation benefits for his injuries.

*Id*. at ¶ 2. Although receiving benefits, Mr. Alexander also filed a negligence action against Mr. Boston. Mr. Boston moved for summary judgment, arguing that he is immune from liability under the fellow servant immunity doctrine. The trial court awarded summary judgment to Mr. Boston, but this Court reversed, concluding that it had failed to examine whether Mr. Boston's

conduct at the time of the accident "occurred in the course of and arose out of his employment." *Id*. at ¶ 15. We remanded the matter to the trial court to render a decision on that issue in the first instance.

{¶3} On remand, the parties submitted additional briefing. Upon consideration, the trial court again awarded summary judgment to Mr. Boston, concluding that, because Mr. Boston was in the zone of employment at the time of the accident, he was entitled to immunity under R.C. 4123.741. Mr. Alexander has appealed, assigning as error that the trial court incorrectly granted immunity to Mr. Boston.

II.

ASSIGNMENT OF ERROR

BY GRANTING IMMUNITY TO MR. BOSTON PURSUANT TO *ORC* 4123.741 THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW FINDING THE PARKING LOT WHERE THE ACCIDENT OCCURRED, NOT OWNED OR CONTROLLED BY THE EMPLOYER WAS WITHIN THE ZONE OF EMPLOYMENT.

{¶4} Mr. Alexander has argued that the trial court erred when it granted summary judgment to Mr. Boston, concluding that he is immune from liability under the fellow servant immunity doctrine. We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is proper under Civ.R. 56(C) if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to the parts of the

record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Id.* If the moving party meets this burden, then the non-moving party bears the burden to offer specific facts demonstrating a genuine issue for trial. *Id.* at 293.

{¶5} The fellow servant immunity doctrine, which has been codified at R.C. 4123.741 provides:

> No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.

Pursuant to that doctrine, "a party who is injured as a result of a co-employee's negligent acts, who applies for benefits under Ohio's workers' compensation statutes, and whose injury is found to be compensable thereunder is precluded from pursuing any additional common-law or statutory remedy against such co-employee." *Kaiser v. Strall*, 5 Ohio St.3d 91, 94 (1983). To be entitled to immunity, however, the co-employee must have committed the actionable conduct "in the course of, and arising out of" the co-employee's employment. *Donnelly v. Herron*, 88 Ohio St.3d 425, 429 (2000).

{¶6} Mr. Alexander has argued that Mr. Boston's collision with him could not have been conduct "in the course of and arising out of" Mr. Boston's employment because it was not

done in the service of J.B. and occurred in a parking lot that was not owned or controlled by J.B[1]. The Ohio Supreme Court has explained that the "in the course of" prong of the test "relates to the time, place, and circumstances of the injury." *Friebel v. Visiting Nurse Assn. of Mid-Ohio*, 142 Ohio St.3d 425, 2014-Ohio-4531, ¶ 13. "This prong limits workers' compensation benefits to employees who sustain injuries while engaged in a required employment duty or activity consistent with their contract for hire and logically related to the employer's business." *Id.*

> The "arising out of" prong refers to the causal connection between the employment and the injury, and whether there is sufficient causal connection to satisfy this prong "depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident."

*Id.* at ¶ 14, quoting *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277 (1990). "This list of factors is not exhaustive, however, and an employee may fail to establish one or more of these three factors and still be able to establish the requisite causal connection." *Id.*; *see Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 122-124 (1998) (describing alternative methods of proving causality).

{¶7} Even if J.B. did not own or control the parking lot where the collision occurred, that fact is not fatal to Mr. Boston's immunity defense. In *Industrial Commission v. Henry*, 124 Ohio St. 616 (1932), Harry Henry, a milk wagon driver, arrived at the office of his company and submitted a card that indicated how much milk he would need on his route that day. While he waited for his order to be filled, he fed his horse then crossed a set of railroad tracks to have

---

[1] The trial court found that J.B. controlled the parking lot where the accident occurred. Although there appears to be a question of fact regarding that issue, it is of no consequence given the undisputed facts herein.

breakfast at a nearby restaurant. On his return to the milk plant, a train struck him at the intersection of the train tracks and a public alley, and Mr. Henry subsequently died in surgery.

{¶8} The Ohio Supreme Court held that the accident "arose out of and in the course of" Mr. Henry's employment. *Id*. at paragraph one of the syllabus. The Supreme Court noted that the railroad was "immediately adjacent" to the milk company's plant, that it was customary for employees of the company to eat at the restaurant while waiting for their orders to be filed, and that the only way to get to the restaurant from the plant was by crossing the railroad tracks. *Id*.; *see also Miller v. Bur. of Workers' Comp.*, 9th Dist. Summit No. 24805, 2010-Ohio-1347, ¶ 15 (explaining that injuries that occur during an off-premises break are not subject to the automatic application of the coming and going rule).

{¶9} According to Mr. Alexander, on the day of the collision, he began work at 6:30 a.m. When he arrived at J.B.'s shop, he parked his truck in the second row of the parking lot that is outside the door where the company's time clock is located. Mr. Alexander used the same door when he left for his 30-minute lunch and walked directly from the shop door to his truck, which is where he usually ate his lunch. Mr. Alexander testified at his deposition that some of his co-workers also ate in their vehicles, while others used a bench that was immediately outside the shop's doors. According to Mr. Alexander's brief in opposition to the motion for summary judgment, the reason Mr. Boston was driving at the time of the collision was because he was returning to the parking lot after picking up lunch at a fast food restaurant.

{¶10} Upon review of the record, there is no genuine issue of material fact that the collision occurred while both Mr. Alexander and Mr. Boston were immediately outside their place of employment in connection with their lunch break. There is also no genuine issue of material fact that it was customary for J.B.'s employees to eat their lunch immediately outside

the shop's door or in the adjacent parking lot. Upon review of the record, we conclude that the trial court did not err when it determined that the collision occurred in the course of and arising out of both Mr. Alexander's and Mr. Boston's employment. It, therefore, correctly concluded that Mr. Boston is immune from liability under R.C. 4123.741. The trial court did not err when it granted Mr. Boston's motion for summary judgment. Mr. Alexander's assignment of error is overruled.

## III.

{¶11} Mr. Alexander's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, J.
CONCURS.

MOORE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

WILLIAM F. MIKESELL, Attorney at Law, for Appellant.

DAVID P. STADLER and PAUL R. MORWAY, Attorneys at Law, for Appellee.