[Cite as *Stamper v. Belle Tire Distribs., Inc.*, 2019-Ohio-4220.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| KEITH STAMPER | | C.A. No.      18CA0034-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BELLE TIRE DISTRIBUTORS, INC., et al. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellants | | CASE No.     15CIV1128 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2019

TEODOSIO, Presiding Judge.

{¶1}    Belle Tire Distributors, Inc. ("Belle Tire"), appeals the entry of the Medina County Court of Common Pleas entering judgment in favor of Keith Stamper and entitling him to participate in the Workers' Compensation Fund for certain conditions.  We affirm.

I.

{¶2}    On April 8, 2015, Mr. Stamper, a commercial tire technician employed by Belle Tire, lost control of a boom truck while driving from one repair location to another.  The truck skidded along a median divider, sustaining damages and resulting in multiple injuries to Mr. Stamper.  The cause of the accident is unknown.

{¶3}    The Bureau of Workers' Compensation allowed Mr. Stamper's claim with regard to certain conditions caused by the accident, resulting in an appeal by Belle Tire to the Medina County Court of Common Pleas.  The trial court denied Belle Tire's motion for summary judgment, and the matter proceeded to a jury trial.  The trial court subsequently denied Belle

Tire's motion for a directed verdict, and the jury returned a verdict in favor of Mr. Stamper, establishing his right to participate in the Workers' Compensation Fund for six physical conditions. Belle Tire's motion for judgment notwithstanding the verdict was denied by the trial court. Belle Tire now appeals raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR DIRECTED VERDICT.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.

{¶4}	In its three assignments of error, Belle Tire argues the trial court erred in denying its motions for summary judgment, directed verdict, and judgment notwithstanding the verdict. All three assignments are premised upon the same arguments and are presented en masse in Belle Tire's brief to this Court. Accordingly, we will consider them together for the purposes of our analysis.

{¶5}	Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is

adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶7} We also review a trial court's ruling on a motion for a directed verdict de novo, as it presents a question of law. *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008–Ohio–3313, ¶ 7. "A motion for a directed verdict assesses the sufficiency of the evidence, not the weight of the evidence or the credibility of the witnesses." *Id.* "[A] directed verdict is properly granted when 'the trial court, after construing the evidence most strongly in favor of the party against whom

the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party[.]'" *Id*. at ¶ 8, quoting Civ.R. 50(A)(4).

**{¶8}** After a court enters judgment on a jury's verdict, a party may file a motion for judgment notwithstanding the verdict in order to have the judgment set aside on grounds other than the weight of the evidence. Civ.R. 50(B). As with an appeal from a court's ruling on a directed verdict, this court reviews a trial court's grant or denial of a judgment notwithstanding the verdict de novo. *Williams v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No. 07CA009098, 2008-Ohio-1467, ¶ 9. "[A judgment notwithstanding the verdict] is proper if upon viewing the evidence in a light most favorable to the [nonmoving] party and presuming any doubt to favor the nonmoving party reasonable minds could come to but one conclusion, that being in favor of the moving party." *Id.* at ¶ 9, citing Civ.R. 50(B).

**{¶9}** As we stated at the outset, all three assignments of error are premised upon the same arguments. Belle Tire's first argument is that the injury sustained by Mr. Stamper did not arise out of his employment. Its second argument is that Mr. Stamper failed to meet his burden to eliminate all idiopathic causes of the unexplained accident. We disagree.

**{¶10}** In order to be compensable under the workers' compensation system, an injury must have occurred "in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). "[B]oth prongs of this statutory definition must be met" for an injury to be compensable. *Friebel v. Visiting Nurse Assn. of Mid-Ohio*, 142 Ohio St.3d 425, 2014-Ohio-4531, ¶ 12. "[I]t is well-established that workers' compensation statutes must be liberally construed in favor of the employee." *Fisher v. Mayfield*, 49 Ohio St.3d 275, 278 (1990); R.C. 4123.95.

{¶11} "The 'in the course of' prong relates to the time, place, and circumstances of the injury." *Friebel* at ¶ 13. "This prong limits workers' compensation benefits to employees who sustain injuries while engaged in a required employment duty or activity consistent with their contract for hire and logically related to the employer's business." *Id*.

{¶12} "The 'arising out of' prong refers to the causal connection between the employment and the injury, and whether there is sufficient causal connection to satisfy this prong 'depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.'" *Id*. at ¶ 14, quoting *Fisher* at 277. "This list of factors is not exhaustive, however, and an employee may fail to establish one or more of these three factors and still be able to establish the requisite causal connection." *Id*. Because each case is fact specific, "no one test or analysis can be said to apply to each and every factual possibility * * * [n]or can only one factor be considered controlling." *Fisher* at 280.

{¶13} Mr. Stamper was employed by Belle Tire as a commercial tire technician, with duties including the mounting, inspecting, repairing, and balancing of commercial tires. The job required him to drive to various assigned locations to repair tires. On the date of the accident, Mr. Stamper began his workday at the Belle Tire garage at 7:40 A.M., where he was then dispatched to Orville, Ohio, for an assigned tire repair. While working in Orville, he was directed by his manager, via telephone, to drive to Akron, Ohio, for a second tire repair job. It was en route to the second repair job that the accident occurred, with Mr. Stamper losing control of the truck he was driving, which was owned by Belle Tire, as it veered to the left and skidded

along the median divider on State Route 8 in Akron, Ohio. The reason for Mr. Stamper having lost control of the vehicle is not known.

{¶14} In examining the totality of the circumstances, we conclude that there was a significant causal connection between Mr. Stamper's injury and his employment. As one of his required job duties, he was required to travel to various assigned locations to conduct tire repairs. The accident in question occurred after the start of the workday while he was in transit from one assigned repair location to a second assigned repair location. Mr. Stamper thus sustained his injuries while engaged in the activities of his employment. The risk of injury was inherently related to Mr. Stamper's employment and he would not have sustained the injury had he not been required to leave the garage in order to satisfy his work duties. *See Miller v. Bur. of Workers' Comp.*, 9th Dist. Summit No. 24805, 2010-Ohio-1347, ¶ 30.

{¶15} The scene of the accident was a location on a roadway travelled by Mr. Stamper to facilitate his transit from one assigned job location to a second assigned job location. With regard to the proximity of the scene of the accident to the place of employment, Mr. Stamper was at a location which was to have been reasonably expected given his employment duties. *See id*. With regard to the degree of control the employer had over the scene of the accident, Belle Tire had control of the job assignments given to Mr. Stamper that required his travel on the roadways. Finally, with regard to the benefit Belle Tire received from Mr. Stamper's presence at the scene of the accident, it is evident that he was conducting the duties of his employment at the direction of, and for the benefit of, Belle Tire. Accordingly, we conclude that on the totality of the facts and circumstances surrounding the accident, there is a causal connection between the employment and the injury that satisfied the "arising out of" prong of R.C. 4123.01(C).

{¶16} Belle Tire's second argument is that Mr. Stamper failed to meet his burden to eliminate all idiopathic causes of the unexplained event pursuant to *Waller v. Mayfield*, 37 Ohio St.3d 118 (1988). *Waller* states that "[i]n worker[s'] compensation cases involving an unexplained fall, the claimant has the burden of eliminating idiopathic causes." *Id*. at paragraph two of the syllabus. Once "idiopathic causes for an unexplained fall have been eliminated, an inference arises that the fall is traceable to some ordinary risk, albeit unidentified, to which the employee was exposed on the employment premises." *Id*. at paragraph three of the syllabus.

{¶17} We have previously noted that the Supreme Court of Ohio expressly limited its analysis in *Waller* to workers' compensation cases involving an unexplained fall on the employment premises, and that such cases "invariably require the same factors: a fall precipitated by some unidentifiable cause which results in injury to the claimant." *Delker v. Ohio Edison Co.*, 47 Ohio App.3d 1, 4 (9th Dist.1989). Accordingly, we have determined that the standard formulated by the Supreme Court of Ohio in *Waller* is inapplicable to injuries that did not occur as a result of a fall on the employment premises. *Id*. It is therefore inapplicable to Mr. Stamper's claim.

{¶18} The trial court did not err in denying Belle Tire's motion for summary judgment, motion for directed verdict, and motion notwithstanding the verdict. Belle Tire's assignments of error are overruled.

### III.

{¶19} Belle Tire's first, second, and third assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID J. KOVACH, Attorney at Law, for Appellant.

KARA S. DOLAN and LAUREN OSGOOD, Attorneys at Law, for Appellee.

THOMAS M. MCCARTY, Assistant Attorney General, for Defendant.