[Cite as *Marzan v. Univ. of Cincinnati*, 2024-Ohio-4702.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Angel Marzan, | : | |
| Plaintiff-Appellant, | : | No. 24AP-203 |
| | | (Ct. of Cl. No. 2023-00533JD) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| University of Cincinnati et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 26, 2024

**On brief:** *Stepleton Law LLC*, and *Richard P. Gabelman*, for appellant.

**On brief:** *Dave Yost*, Attorney General, *Lauren D. Emery*, and *Lindsey M. Grant*, for appellees.

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Angel Marzan, appeals from a judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, University of Cincinnati ("UC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On September 18, 2019, Marzan tripped and fell on an allegedly hazardous walkway as he walked to his on-campus job with UC. In August 2023, Marzan initiated this action against UC, alleging his fall, and the resulting injury he sustained, were due to UC's negligence. In December 2023, UC filed a motion for summary judgment, which the Court of Claims granted.

{¶ 3} Marzan timely appeals.

## II. Assignment of Error

{¶ 4}   Marzan assigns the following sole assignment of error for our review:

> The trial court erred in granting defendant's Motion for Summary Judgment.

## III. Discussion

{¶ 5}   In his sole assignment of error, Marzan contends the Court of Claims erred in granting summary judgment in favor of UC on his negligence claim.  This assignment of error is not well-taken.

{¶ 6}   "An appellate court reviews summary judgment under a de novo standard." *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 10th Dist. No. 20AP-563, 2021-Ohio-3898, ¶ 9.  Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).  The court reviewing the motion only may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action."  Civ.R. 56(C).

{¶ 7}   Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims.  *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997).  Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.  *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 8}   Marzan sued UC for negligence because he tripped and fell on a walkway as he approached a UC campus building where he worked as an hourly employee.  The Court

of Claims concluded Marzan's negligence claim failed as a matter of law on two independent bases: UC is immune from liability pursuant to R.C. 4123.74 because the fall occurred within the "zone of employment," and even if not immune pursuant to that statute, the open and obvious doctrine bars Marzan's claim. (Feb. 23, 2024 Entry Granting Def.'s Mot. for Summ. Jgmt. at 4-5.) In this appeal, Marzan argues UC is not statutorily immune from liability because he was not working when he tripped and fell, and the open and obvious doctrine is inapplicable because there were attendant circumstances distracting him.

{¶ 9} We first address UC's statutory immunity defense. Pursuant to R.C. 4123.74, complying employers—employers who either pay their workers' compensation premiums or are self-insured—are not "liable to respond in damages at common law or by statute for any injury * * * received or contracted by any employee in the course of or arising out of his employment." Marzan acknowledges UC was a complying employer at the time of his fall. Thus, the dispute as to UC's statutory immunity centers on whether Marzan's alleged injury occurred "in the course of or arising out of his employment."[1] (Appellee's Brief at 9.)

{¶ 10} When he fell, Marzan was on his way to work as a fixed-situs UC employee. "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66 (1991), syllabus. This rule, often referred to as the "coming-and-going" rule, has the following exceptions: "(1) the injury occurs within the 'zone of employment;' (2) the employment creates a 'special hazard;' (3) there is a causal connection between the employee's injury and employment based on the 'totality of the circumstances' surrounding the accident; and (4) the injury occurred while the employee was on a special mission, errand, service or task for the employer." *Cunningham v. Bone Dry Waterproofing, Inc.*, 10th Dist. No. 15AP-587, 2016-Ohio-3341 ¶ 16; *Bralley v. Daugherty*, 61 Ohio St.2d 302, 303 (1980). When the essential facts are undisputed, the applicability of the exceptions to the coming-and-going

---

[1] Although the case at bar involves the issue of an employer's immunity pursuant to R.C. 4123.74, and not an employee's right to participate in the workers' compensation fund, the right to participate cases are instructive because they interpret the same issue presented in this case: whether the injury was received in the course of, and arising out of, the injured employee's employment. *See Friebel v. Visiting Nurse Assn. of Mid-Ohio*, 142 Ohio St.3d 425, 2014-Ohio-4531, ¶ 12.

rule present questions of law. *Mangan v. Texas Roadhouse Mgt. Corp.*, 10th Dist. No. 20AP-42, 2021-Ohio-2201, ¶ 18.

{¶ 11} The coming-and-going rule exception the Court of Claims found to apply in this case—the " 'zone of employment' " exception—has been defined as " 'the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer.' " *Cunningham* at ¶ 17, quoting *Merz v. Indus. Comm. of Ohio*, 134 Ohio St. 36, 39 (1938). This zone "is not a fixed area, rather, its relative limits or expansion must be determined from the logical and close association of the surrounding area to the premises of employment, together with the particular circumstances and hazards existing in relation thereto." (Quotations and citations omitted.) *Id.*

{¶ 12} "The zone of employment has been extended beyond the employer's immediate premises in a number of situations, most of which involve parking lots over which the employer has some control, and it has also been extended to the public road providing access to the employer's premises." *Lemming v. Univ. of Cincinnati*, 41 Ohio App.3d 194, 195 (1st Dist.1987). For example, as to an injury occurring in a parking lot adjacent to a work situs, the Supreme Court of Ohio has held: "An employee who, on his way from the fixed situs of his duties after the close of his work day, is injured in a collision of his automobile and that of a fellow employee occurring in a parking lot located adjacent to such situs of duty and owned, maintained and controlled by his employer for the exclusive use of its employees, receives such injury 'in the course of, and arising out of' his employment, within the meaning of that phrase in the Work[ers'] Compensation Act, Section 4123.01(C), Revised Code." *Marlow v. Goodyear Tire & Rubber Co.*, 10 Ohio St.2d 18 (1967), syllabus. Further, in *Griffin v. Hydra-Matic Div., Gen. Motors Corp.*, 39 Ohio St.3d 79 (1988), the employee "had completed her employment for the day" and "slipped and fell on a wet or icy spot" while "traversing a driveway between the plant of appellant and its parking lot." *Id.* at 79. The court held that "an injury sustained by an employee upon the premises of her employer is compensable pursuant to R.C. Chapter 4123 irrespective of the presence or absence of a special hazard thereon which is distinctive in nature or quantitatively greater than hazards encountered by the public at large." *Id.* at 82.

{¶ 13} In challenging UC's immunity claim, Marzan reasons that, even though he was within a few steps of entering the building where he worked when he tripped and fell,

he was not within the "zone of employment" because he had not yet arrived at his workstation to begin work. But application of the zone of employment exception is not dependent on whether the employee is actively engaged in his employment duties, or "clocked in," at the time of injury. *Hicks v. Safelite Group*, *Inc.*, 10th Dist. No. 20AP-136, 2021-Ohio-3044, ¶ 16, citing *Ruckman v. Cubby Drilling*, *Inc.*, 81 Ohio St.3d 117, 120 (1998); *see Taylor v. Meijer, Inc.*, 182 Ohio App.3d 23, 2009-Ohio-1966, ¶ 19 (2d Dist.). Thus, the fact that Marzan was not clocked in and working when he tripped and fell is ultimately inconsequential to the zone of employment analysis.

{¶ 14} The undisputed facts demonstrate Marzan was within the "zone of employment" when he tripped and fell. Marzan tripped and fell on a UC owned and controlled walkway near the entrance to the UC campus building where he worked. Marzan testified that he was on the walkway "a few feet away" from the building's front doors, and "about to walk in," when he tripped and fell. (Dep. at 33.) This area of ingress and egress to the building, under UC's control, reasonably only can be viewed as within the zone of employment. *See Cunningham* and *Merz*. Therefore, there was no genuine factual dispute that Marzan's fall occurred in the course of, and arising out of, his employment with UC.

{¶ 15} Because reasonable minds could only conclude Marzan's fall occurred in the course of, and arising out of, his employment with UC, and because UC was a complying employer in the Ohio Workers' Compensation program, we find the Court of Claims correctly concluded UC is immune from liability under R.C. 4123.74. Considering this statutory immunity independently bars Marzan's negligence claim, we decline to address the Court of Claims' application of the open and obvious doctrine as an alternative basis for finding in favor of UC.

{¶ 16} For these reasons, we overrule Marzan's sole assignment of error.

## IV. Disposition

{¶ 17} Having overruled Marzan's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

JAMISON and EDELSTEIN, JJ., concur.

————————————