[Cite as *Judice v. FedEx Ground Package Sys., Inc.*, 2025-Ohio-1051.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| FREDERICK JUDICE | C.A. No.      31291 |
|     Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FEDEX GROUND PACKAGE SYSTEM, INC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.      CV-2024-01-0127 |
|     Appellees | |

DECISION AND JOURNAL ENTRY

Dated: March 26, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1}     Frederick Judice appeals from the judgment of the Summit County Court of Common Pleas that granted FedEx Ground Package System, Inc.'s ("FedEx") motion for summary judgment.  For the following reasons, this Court reverses.

I.

{¶2}     Judice was employed as a package handler at the FedEx location in Richfield, Ohio when he fell at work while trying to tie his shoelaces.  As a result of the fall, Judice sustained an acute right distal tibia fracture.

{¶3}     Judice filed a workers' compensation claim related to his injury.  A district hearing officer denied Judice's claim.  Judice appealed the district hearing officer's decision to a staff hearing officer.  The staff hearing officer vacated the district hearing officer's order and allowed the claim for an "acute right distal tibia fracture."  FedEx appealed the staff hearing officer's

decision to the Industrial Commission, which refused the appeal. FedEx then filed an appeal with the Summit County Court of Common Pleas pursuant to R.C. 4123.512.

{¶4} During a period of discovery, counsel for FedEx deposed Judice. Judice's deposition testimony revealed the following facts.

{¶5} FedEx requires its employees to go through a metal detector upon arriving to work at its facility in Richfield. Judice explained that he wore composite-toed boots that set off metal detectors, so he removed them prior to walking through FedEx's metal detector. The record indicates that FedEx did not require Judice to wear composite-toed boots, nor did anyone instruct Judice to take off his boots prior to walking through the metal detector. The record indicates that FedEx requires employees who work on the dock (like Judice) to wear work boots or shoes with non-skid soles and to have their shoelaces tied. Judice explained that he chose to wear composite-toed boots for his own safety.

{¶6} After Judice walked through the metal detector, he put his boots back on but left his shoelaces untied. Judice initially testified that he left his shoelaces untied because there was nowhere to sit and tie his shoelaces near the metal detector. Upon being presented with video evidence, Judice acknowledged that a folding chair and arm chair were located "directly behind" him near the metal detector. Regardless, there was no dispute that Judice walked through the FedEx building, down a ramp, and into the warehouse with his shoelaces untied.

{¶7} After arriving at the warehouse, Judice lifted his left foot to tie his shoelaces while standing on his right foot. Judice's right ankle then "g[a]ve way[,]" and Judice fell to the ground, causing his injury. Judice initially claimed that he fell because he slipped on the polyurethane coating on the floor. Judice later admitted that he had no evidence that the floor was coated in polyurethane. Judice also admitted that he looked around the area prior to raising his left foot to

ensure that the area was clean and that it was safe for him to do so. Judice further admitted that there was nothing on the floor that would have prevented him from safely raising his left foot.

{¶8} After a period of discovery, FedEx moved for summary judgment. FedEx argued that Judice's injury did not arise out of his employment with FedEx and, consequently, Judice was not entitled to workers' compensation benefits. More simply, FedEx argued that a causal connection did not exist between Judice's employment and his injury. FedEx argued:

> It is clear that [Judice's] fall was the result of risks personal to [Judice], namely his personal choice to wear a composite-toed shoe for his own safety . . ., despite a dress code policy in place that did not require such footwear . . ., his violation of that policy by entering the warehouse with untied boots . . ., and his personal choice to not sit in multiple chairs directly behind him after passing through security . . . . All of the aforementioned factors which led to [Judice's] fall can only be interpreted as personal to him and not a risk that arose out of the work environment.

{¶9} In support of its motion, FedEx relied upon Judice's deposition testimony, FedEx's dress code policy, and an affidavit from an assistant manager of facility operations at the FedEx location in Richfield. The manager averred that the dress code policy attached to FedEx's motion applied to Judice and that Judice received a copy of the policy during his orientation. The policy confirmed that Judice was required to wear work boots or shoes with non-skid soles and that "[s]hoelaces must be tied."

{¶10} Judice opposed FedEx's motion for summary judgment. Judice acknowledged that he sustained his injury while attempting to re-tie his shoelaces. Judice explained that he "lost balance, slipped and fell to the ground . . . ." Judice argued that his injury arose out of his employment because FedEx requires employees to walk through a metal detector, which required him to take off his boots so he did not set off the metal detector. Judice explained:

> Since [he] was required to take off his boots, he had to tie them somewhere and he chose the warehouse as he had done on numerous occasions. In the process of doing so, he lost balance and/or slipped and fell and sustained an acute right distal tibia fracture. Therefore, his injury arose out of his employment.

{¶11} Judice also argued that FedEx's dress code policy required him to have his shoelaces tied on the dock, not in the warehouse, which is where he sustained his injury. As a result, Judice argued that he was not in violation of FedEx's dress code policy at the time he sustained his injury. Judice further argued that the fact that the district hearing officer and staff hearing officer reached different conclusions about whether his injury arose out of his employment demonstrated that genuine issues of material fact remained that precluded summary judgment.

{¶12} In support of his brief in opposition to FedEx's motion for summary judgment, Judice relied upon his deposition testimony, FedEx's dress code policy, and the decisions of the district hearing officer and the staff hearing officer.

{¶13} The trial court granted FedEx's motion for summary judgment, concluding that Judice's injury did not arise out of his employment with FedEx. In reaching its conclusion, the trial court relied, in part, upon the Second District's decision in *Lafon v. Iron Tiger Logistics*, 2015-Ohio-2428 (2d Dist.) and the Sixth District's decision in *Underwood v. Midwest Stamping & Mfg.*, 1998 WL 472322 (6th Dist. Aug. 7, 1998). Both *Lafon* and *Underwood* involved workers' compensation claims related to employees who sustained injuries after tripping on their shoelaces at work. *Lafon* at ¶ 3, *Underwood* at *1. In each case, the appellate court affirmed the trial court's grant of summary judgment in favor of the employer on the basis that the injury did not arise out of the employee's employment. *Lafon* at ¶ 15, 17; *Underwood* at *2.

{¶14} The trial court explained that, like *Lafon* and *Underwood*, no causal connection existed between Judice's injury and his employment because FedEx had no control over Judice's shoelaces being untied and his fall was not caused by a condition of his employment or work environment. Accordingly, the trial court granted summary judgment in favor of FedEx. Judice now appeals the trial court's judgment, raising one assignment of error for this Court's review.

ASSIGNMENT OF ERROR

CONSTRUING THE RECORD AND ALL INFERENCES IN FAVOR OF APPELLANT JUDICE, GENUINE ISSUES OF MATERIAL FACT EXIST UPON WHICH REASONABLE MINDS COULD CONCLUDE MR. JUDICE'S INJURY OCCURRED IN THE COURSE OF AND ARISING OUT OF HIS EMPLOYMENT WITH FEDEX.

{¶15}  In his sole assignment of error, Judice argues that the trial court erred by granting summary judgment in favor of FedEx.  This Court agrees.

{¶16}  Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 293, quoting Civ.R. 56(E).  This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶17}  "An injury compensable under the workers' compensation system must have occurred 'in the course of, and arising out of, the injured employee's employment.'"  *Friebel v. Visiting Nurse Assn. of Mid-Ohio*, 2014-Ohio-4531, ¶ 12, quoting R.C. 4123.01(C).  "This test is conjunctive; both prongs of the formula must be satisfied before compensation will be allowed."  *Elyria v. Scott*, 2015-Ohio-4619, ¶ 11 (9th Dist.), citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277 (1990).

{¶18} "The 'in the course of' prong is construed to relate to the time, place and circumstances of the injury, while the 'arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." *Fisher* at 277. Here, FedEx did not dispute at the trial court that Judice's injury occurred "in the course of" Judice's employment. Instead, FedEx based its arguments below upon the lack of a causal connection between Judice's injury and his employment, that is, the "arising out of" prong. This Court will limit its analysis accordingly.

{¶19} "[I]t is well-established that workers' compensation statutes must be liberally construed in favor of the employee." *Fisher* at 278, citing R.C. 4123.95. This includes construing the phrase "arising out of" liberally in favor of awarding benefits. *Id.* "[W]hether there is sufficient causal connection to satisfy [the 'arising out of'] prong 'depends on the totality of the facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.'" *Friebel* at ¶ 14, quoting *Fisher* at 277. "This list of factors is not exhaustive, however, and an employee may fail to establish one or more of these three factors and still be able to establish the requisite causal connection." *Friebel* at ¶ 14.

{¶20} As noted, the trial court granted summary judgment in favor of FedEx on the basis that no causal connection existed between Judice's injury and his employment because FedEx "did not have control over [Judice's] shoelaces being untied." The trial court's conclusion in this regard is problematic for at least three reasons.

{¶21} First, FedEx's degree of control over the scene of the accident is just one of the factors courts consider when determining whether a causal connection exists. The lack of control,

even if proven, is not dispositive of whether Judice is entitled to workers' compensation benefits related to his injury. *Friebel*, 2014-Ohio-4531, at ¶ 14.

**{¶22}** Second, the trial court viewed the evidence in a light most favorable to FedEx (i.e., the moving party), not Judice (i.e., the non-moving party). The record indicates that: (1) FedEx required Judice to walk through a metal detector on his way into work; (2) Judice removed his boots so that he did not set off the metal detector; and (3) Judice fell and sustained an injury while trying to re-tie his boots after passing through the metal detector. Viewing this evidence in a light most favorable to Judice, reasonable minds could disagree as to whether as causal connection exists between Judice's injury and his employment. *See Temple*, 50 Ohio St.2d at 327, citing Civ.R. 56(C). To the extent the trial court held otherwise, it appears to have concluded that Judice's injury was a result of his own fault or negligence. But "[t]he test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees . . . ." *Fisher*, 49 Ohio St.3d at 276-77, quoting *Indus. Comm. of Ohio v. Weigandt*, 102 Ohio St. 1 (1921), syllabus. Instead, it is "whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment." *Fisher* at 277, quoting *Bralley* at 303.

**{¶23}** Third, the trial court construed the "arising out of" prong narrowly in favor of FedEx. Yet R.C. 4123.95 and Ohio Supreme Court precedent mandate that "workers' compensation statutes . . . be liberally construed in favor of the employee." *Fisher* at 278, citing R.C. 4123.95. Minimally, when construing the "arising out of" prong liberally in favor of Judice, a genuine issue of material fact remains as to whether Judice's injury arose out his employment with FedEx.

**{¶24}** Additionally, while the trial court relied upon case law from other appellate districts involving the denial of workers' compensation benefits for injuries sustained when employees tripped over their shoelaces, those cases are factually distinguishable and are not controlling precedent on this Court. *See State v. McGowan*, 2004-Ohio-2367, ¶ 13 (9th Dist.) (acknowledging that the decisions of other appellate districts are not controlling on this Court). As the Ohio Supreme Court has stated, "workers' compensation cases are fact specific" and "[t]he overarching consideration is that the statute must be accorded a liberal construction in favor of awarding benefits." *Friebel*, 2014-Ohio-4531, at ¶ 18. Here, the trial court committed reversible err by failing to construe the "arising out of" prong liberally in favor of awarding benefits, and by failing to view the facts in a light most favorable to Judice. *Fisher* at 278, citing R.C. 4123.95; *Temple*, 50 Ohio St.2d at 327, citing Civ.R. 56(C). Consequently, the trial court erred when it granted summary judgment in favor of FedEx. Judice's assignment of error is sustained.

III.

**{¶25}** Judice's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed.

Judgment reversed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.


_____
JILL FLAGG LANZINGER
FOR THE COURT


CARR, J.
CONCURS.

HENSAL, J.
CONCURRING IN JUDGMENT ONLY.

{¶26}  To determine whether an injury arises out of employment, courts must consider the totality of the circumstances, including "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277 (1990), quoting *Lord v. Daugherty*, 66 Ohio St.2d 441 (1981), syllabus.  Because the trial court in this case considered only the third factor and not the totality of the circumstances, I agree that the order granting summary judgment must be reversed, and I would do so on that basis alone.  I respectfully concur in judgment only.

APPEARANCES:

SUZANNE STOCKER, Attorney at Law, for Appellant.

BRIANNA M. PRISLIPSKY, Attorney at Law, for Appellees.

RONALD A. FRESCO, Attorney at Law, for Appellees.

MATTHEW R. CARONA, Attorney at Law, for Appellees.